UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BITEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:12-cv-2498 CKD<br><br><br>ORDER |

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $18,952.50 for 39.9 hours of professional time devoted to the representation of plaintiff before this court.  Counsel concedes that this amount should be offset in the amount of $6,200 for fees previously awarded under EAJA.  Defendant has filed a statement of non-opposition to the fee motion.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

/////

1

1  Rather than being paid by the government, fees under the Social Security Act are awarded out of
2  the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),
3  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).
4  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
5  must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09
6  (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
7  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
8  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must
9  show that the fee sought is reasonable for the services rendered." Id. at 807.

10  The amount of fees sought by counsel are less than the 25 percent of past due benefits
11  which are provided for under the fee agreement.[1]  Counsel seeks fees for 39.9 hours.  Based on
12  the quality of counsel's representation and the results achieved in this case, the undersigned finds
13  the amount of hours expended to be reasonable.  The hourly rate of $475 is also reasonable.
14  Accordingly, the undersigned will award the amount of attorney fees requested.

15  Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $18,952.50
16  in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $6,200 previously
17  awarded under EAJA, for a net fee award of $12,752.50.

18  Dated:  September 14, 2015

      _____
      CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

21  4 biteman2489.406.fee

---

[1] The amount of past due benefits was $76,356.00; $19,089.00 represents 25% of those benefits.

2